## COURT OF SPECIAL SESSIONS — CITY OF NEW YORK.

### August 22, 1922.

## THE PEOPLE v. BENJAMIN MITTLER.

APPEAL—CODE CRIMINAL PROCEDURE, SECTION 755, CHAPTER 595, LAWS 1922.

Defendant failed to file and serve notice of appeal on the magistrate as required by section 755, Code Crim. Pro. Thereafter he moved for leave to file a supplemental specification of error in the appeal allowed at time of conviction, and for an extension of five days, which was granted. The Court of General Sessions continued to exercise jurisdiction, although chapter 595 of 1922 had gone into effect. *Held*, that inasmuch as the appeal was pending in the Court of General Sessions at the time that chapter 595 went into effect, the proceeding commenced under the provisions of a statute which this new law repealed may be continued in General Sessions, and should be returned to the trial magistrate.

Before Justices KERNOCHAN, FRESCHI, and EDWARDS.

FRESCHI, J.:

Defendant was convicted of disorderly conduct tending to a breach of peace on March 8, 1922, in a City Magistrates' Court in Manhattan borough.

On April 10, 1922, the Hon. Otto A. Rosalsky, one of the judges of the Court of General Sessions, allowed the defendant an appeal. According to defendant's affidavit verified August 3, 1922, the defendant failed to file and serve notice of the allowance of the appeal upon the magistrate as required by section 755 of the Code of Criminal Procedure.

Thereafter, on August 4, 1922, the appellant moved in the Court of General Sessions "for leave to file supplemental specifications of error, in the appeal allowed on March 8th, 1922, and for an extension of five days' time from the granting

of this motion to serve notice of the allowance of said appeal." Judge Mancuso of that court on the same day granted the last mentioned motion. The Court of General Sessions properly assumed and continued to exercise jurisdiction in this manner in the case at bar, although chapter 595 of the Laws of 1922 had gone into effect on July 1, 1922. This statute, which confers appellate jurisdiction on the Court of Special Sessions of the City of New York, has not transferred this case out of the Court of General Sessions to this court. Under the General Construction Law, § 94, unless otherwise specially provided by law, all actions and proceedings, civil or criminal, commenced under or by virtue of any provisions of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not repealed.

The city magistrate who tried the case filed on August 19, 1922, with the chief clerk of the Appellate Term of the Court of Special Sessions of the City of New York, a magistrate's return on said appeal. This return should have been filed by the trial magistrate with the Court of General Sessions, where this appeal was initiated and is still pending.

Inasmuch as this appeal was pending in the Court of General Sessions at the time that chapter 595 of the Laws of 1922 went into effect, this proceeding, commenced under the provisions of a statute which this new law has repealed, may be continued in General Sessions. This case is improperly in the Court of Special Sessions and the magistrate's return on appeal is ordered to be returned to the trial magistrate.

Order signed accordingly.

Justices KERNOCHAN and EDWARDS vote to make the order aforementioned.